UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:10-cv-2575 |
| SUNBEAM PRODUCTS, INC., *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendants Sunbeam Products, Inc. ("Sunbeam") and Jarden Corporation's ("Jarden") (collectively, "Defendants") Motion for Leave to Designate Responsible Third Parties. (Doc. No. 12.) For the reasons stated below, Defendants' motion is **GRANTED**.

This products liability lawsuit arises out of a fire that occurred in the home of David Watts on October 9, 2008. Watts filed an insurance claim with Plaintiff State Farm Lloyds ("State Farm" or "Plaintiff") for property damage allegedly caused by the fire. As Watt's Subrogee, State Farm subsequently filed this lawsuit against Sunbeam and Jarden, alleging that the fire in Watt's home originated in a defective Sunbeam product.

Defendants now seek to designate Reliant Energy, Robert and William Grimmer, David Connery, and "Corporation Doe" aka "John Doe" Fluorescent Light Designer and Manufacturer as responsible third parties. Specifically, Defendants allege that Reliant Energy is the electrical service provider for Watt's home and that a power surge occurred prior to the fire, which caused or contributed to Plaintiff's alleged damages. As for Robert and William Grimmer, Defendants contend that the men served as the electrical

1

subcontractors for Watt's home and that the home's electrical wiring caused or contributed to Plaintiff's alleged damages. David Connery, Defendants allege, is the builder of the subject home and the design of the home's electrical wiring system caused or contributed to Plaintiff's alleged damages. Finally, Defendants allege that "Corporation Doe" aka "John Doe" designed and manufactured under-cabinet fluorescent lighting in Watt's home that caused or contributed to Plaintiff's alleged damages.

State Farm timely objected to Defendants' motion, arguing that Defendants did not plead sufficient facts concerning the responsibility of the alleged responsible third parties to satisfy the pleading requirements of the Texas Rules of Civil Procedure. (Doc. No. 15.)[1]

## I. LEGAL STANDARD

Section 33.004 of the Texas Civil Practice and Remedies Code sets forth the procedure a defendant must follow in order to successfully designate a responsible third party. Pursuant to this section, a defendant may "seek to designate a person as a responsible third party by filing a motion . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem. Code § 33.004(a). A responsible third party may include any "person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Id. § 33.011(6).

"If the court gives leave to designate a responsible third party and there is evidence sufficient to submit a question to the jury regarding the conduct of the party,

---

[1] State Farm does not contend that Defendants' motion was untimely filed.

then the trier of fact determines the percentage of responsibility of the claimants, defendants, settling persons-if any, and any responsible third parties." *Fisher v. Halliburton*, Nos. H-05-1731, H-06-1168, H-06-1971, 2009 WL 1098457, at *1 (S.D. Tex. Apr. 23, 2009). "Chapter 33 allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit, or who are unknown." *Id.* (citing § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 (Tex. App.–Houston [1st Dist.] 2005, no pet.))

The trial court must grant leave to designate a responsible third party "unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f). If another party timely files an objection,

> the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g)(1),(2).[2]

Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim." Tex. R.

---

[2] A court's grant of a motion for leave to designate a responsible third party at this stage in the litigation does not preclude a party from later challenging the designation. Indeed, after adequate time for discovery, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code § 33.004(l). The court shall grant the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

3

Case 4:10-cv-02575 Document 23 Filed in TXSD on 06/02/11 Page 4 of 6

Civ. P. 47(a).[3] The Texas Supreme Court has held that, "a petition will be construed liberally in favor of the pleader." *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

"The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant." *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.–Eastland 2004, no pet.) (citing *City of Houston v. Howard*, 786 S.W.2d 391, 393 (Tex. App.–Houston [14th Dist.] 1990, writ den'd)). "The actual cause of action and elements do not have to be specified in the pleadings; it is sufficient if a cause of action can be reasonably inferred." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F.Supp.2d 780, 784 n. 4 (S.D. Tex. 2005) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)). The Texas Rules of Civil Procedure also "[do] not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494-495 (Tex. 1988) (citing *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 317, 311 S.W.2d 232, 234 (1958)). Given this liberal approach, courts in the Southern District of Texas have recognized with regard to motions to designate responsible third parties that "the pleading requirements at the outset are not stringent." *Dhaliwal v. Vanguard Pharmaceutical Machinery, Inc.*, No. H-08-2452, 2010 WL 231755, at * 1 (S.D. Tex. Jan. 20, 2010).

II.  ANALYSIS

Under the Texas Civil Practice and Remedies Code, the burden is on State Farm to demonstrate that Defendants have not pled sufficient facts concerning the alleged responsibility of Reliant Energy, Robert and William Grimmer, "Corporation Doe" aka

---

[3] In its response, State Farm argues that Defendants have failed to meet federal pleading requirements. By the plain language of Section 33.004(g)(1) of the Texas Civil Practice and Remedies Code, however, Defendants must meet the pleading requirements of the *Texas Rule of Civil Procedure.*

4

"John Doe," and David Connery to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

State Farm objects to the designations Defendants seek, arguing that Defendants did not "identify or describe what specific acts or omissions of negligence, duties, theories of liability, breaches of duty, or even any specific conduct (acts or omissions)" of the alleged responsible third parties. Accordingly, it argues, Defendants' allegations are inadequate to warrant responsible third party designation. (Pls.' Resp. ¶ 11.)

Defendants' reply urges that they are not required to set out the facts on which they will rely and need only give fair notice so that opposing counsel can determine the nature of each responsible third party's alleged contribution to Plaintiff's harm. Thus, Defendants contend, the facts included in their motion are sufficient for purposes of the Texas Rules of Civil Procedure. Alternatively, Defendants request an opportunity for leave to replead.

Plaintiffs are, indeed, correct that Defendants have failed to lay out specific causes of action against the alleged responsible third parties. Rather, Defendants simply allege that, in various ways, the third parties' acts or omissions caused or contributed to Plaintiff's alleged damages. As previously discussed, a responsible third party may include any "person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem. Code § 33.011(6).

Although it is a close question, the Court believes that State Farm has failed to meet its burden of demonstrating that Defendants did not plead sufficient facts concerning the alleged responsibility of the responsible third parties to satisfy the

5

pleading requirements of the Texas Rules of Civil Procedure. Indeed, the pleading standard is "not stringent" and, as evidenced by its response, Plaintiff is clearly on notice of the alleged nature of responsibility for each of the third parties Defendants seek to designate. Defendants need not specify causes of actions or elements, nor set out the specific evidence upon which they will rely, so long as the nature of the alleged responsibility can be inferred. This lenient standard has been satisfied.

### III. CONCLUSION

Accordingly, Defendants' Motion for Leave to Designate Responsible Third Parties is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2nd of June, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6